## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLOSSOMS & BLOOMS, INC. d.b.a. DOMENIC GRAZIANO FLOWERS & GIFTS | : : : | COMPLAINT |
| | : | |
| and | : | Case No. 2:22-cv-1557 |
| | : | |
| DOMENIC GRAZIANO | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| vs. | : | |
| | : | |
| JANE DOE a.k.a. JESSICA WALTERS account owner of FACEBOOK ACCOUNT ID #100072476017484, | : : | |
| | | |
| *Defendant.* | | |

## <u>COMPLAINT</u>

### <u>FACTUAL BACKGROUND</u>

Plaintiffs Domenic Graziano ("Graziano") and Blossoms and Blooms, Inc. d.b.a.

Domenic Graziano Flowers ("Graziano Flowers"), by and through their undersigned counsel,

hereby file this Complaint for defamation per se through libel and false light invasion of privacy

against Defendant Jane Doe a.k.a. Jessica Walters, account owner of the Facebook account ID

#100072476017484 arising from multiple reviews Defendant maliciously and negligently

published on the Facebook.com website.  These multiple reviews falsely accused Graziano

Flowers of substandard employment practices, thereby attributing to both the business and its

owner, Graziano, highly offensive and defamatory business practices which are untrue. These

false and defamatory comments harmed Graziano's personal and business reputation, as well as

Graziano Flowers' business reputation, and has caused Graziano serious emotional distress, embarrassment, and personal humiliation.

### Jurisdiction and Venue

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as Plaintiff's believe Defendant is not located in the Commonwealth of Pennsylvania, and therefore complete diversity exists, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

2.      This Court has supplemental jurisdiction over the common law and state claims pursuant to 28 U.S.C. § 1367.

3.      This Court may properly exercise personal jurisdiction over Defendant because Defendant's contacts with the forum state, and this Judicial District, are sufficient for the exercise of jurisdiction over Defendant; further, this Court's exercise of jurisdiction over Defendant complies with traditional notions of fair play and substantial justice, satisfying the standard as set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this Judicial District. Additionally, Defendant's actions of commenting on a Pennsylvania business and resident puts Defendant on notice that they could reasonably be expected to be brought into a court in Pennsylvania to defend themselves.

**The Parties**

5. Plaintiff, Blossoms and Blooms, Inc. d.b.a. Domenic Graziano Flowers, is a Pennsylvania registered corporation incorporated under the provisions of the Pennsylvania Business Corporation Law of 1988.

6. Plaintiff, Domenic Graziano, is a United States citizen and a resident of the Commonwealth of Pennsylvania, and is the CEO of Blossoms and Blooms, Inc.

7. Defendant, using the alias Jessica Walters, is believed to be a United States citizen residing outside of the Commonwealth of Pennsylvania.

**FACTS COMMON TO BOTH COUNTS I AND II**

**A.  Background Information on Publishing on the Facebook.com Website**

8. To publish any information on the Facebook.com website, a person must first create an account, which requests personal information. After creating an account, the account must be verified by Facebook. Facebook verification requires the person to respond to either an email sent to their email account, or a text message sent to their cellular phone number.

9. To be able to publish a comment on the Facebook.com website, an account holder must be logged into their Facebook.com account using their email address or cellular phone number.

10. A business owner may create and/or claim a business profile page on the Facebook.com platform to promote their business to other Facebook.com users.

11. Once an account is created, verified, and logged in to, a person may freely comment on posts or business pages, or reply to comments posted by other users.

12.     On information and belief, Defendant created their Facebook.com account in September 2021 using either their email address, their cellular phone number, or both.

13.     On information and belief, Defendant used the alias Jessica Walters as the name on their Facebook.com profile to hide their true identity.

14.     On information and belief, Defendant added stock photography from various websites including iStockPhoto.com[1] to their profile to further hide their true identity.

15.     On or about December 14, 2021, Defendant left a false and defamatory comment on the Domenic Graziano Flowers Facebook.com business profile page, defaming both Graziano Flowers and Graziano himself. Attached hereto and incorporated herein by reference as Exhibit "A" is a true and correct copy of that comment.

16.     After Graziano Flowers removed the defamatory comment from their Facebook.com profile page, on December 15, 2021 Defendant left a second comment on Facebook.com citing the removal of the first comment and doubling-down on Defendant's defamatory comments. Attached hereto and incorporated herein by reference as Exhibit "B" is a true and correct copy of that comment.

## B.  Defendant's Comments are False and Defamatory

17.     Defendant's comments include various depictions of Graziano Flowers, and thereby Mr. Graziano himself, many of which are untrue and defamatory.

18.     The comments are false and defamatory on their face by imputing serious and egregious statements of employment practices which the Plaintiff does not institute. The following statements contained in the comments serve as examples of the false and defamatory language that is offensive to a reasonable person.

---

[1] https://www.istockphoto.com/photo/little-girl-sunset-watch-gm182876491-14035567

19.     Defendant claims that "[Graziano Flowers] … pay their … employees minimum wage" (See, Exhibit "A" ¶1) which is untrue; in fact, Graziano Flowers goes out of their way to make sure their employees are paid enough money to earn a decent living.

20.     Defendant also claims that, when an employee asked for a raise, Mr. Graziano stated that he "couldn't afford it", (See, Exhibit "A" ¶1), a statement that Mr. Graziano has never said to any of his employees.

21.     Defendant further claims that Mr. Graziano "…doesn't give his employees vacation time, sick time, Christmas bonuses… anything" (See, Exhibit "A" ¶1), an employment policy that is simply untrue on all accounts.

22.     Defendant reiterates similar defamatory remarks in their second comment the following day. See, Exhibit "B" ¶1.

23.     By maliciously and negligently posting these falsehoods in their comments, Defendant defamed Plaintiff by making it appear that Plaintiffs institute unfavorable employment practices and policies that would offend a reasonable person. Plaintiffs do not hold any of these beliefs and have never voiced any of these statements, implied or otherwise, in this manner.

24.     The false and defaming comments were available world-wide through the Facebook.com website by looking up the "Graziano Flowers" name, or by viewing Defendant's profile; further, search engines such as Google, Yahoo!, and Ask.com may have linked to Defendant's comments.

25.     Defendant has since deleted the defamatory comments from their Facebook.com account, but not before Graziano Flowers received multiple calls on the matter.

### C.  The Comments Caused Plaintiffs Serious Injury

26.     By publishing these false, defaming, and misleading comments in regard to Graziano Flowers and Mr. Graziano himself, the comments also placed Mr. Graziano in a false light before the world-at-large, in a manner that would be highly offensive to a reasonable person and has caused serious damage to both Plaintiffs' professional and personal reputations.

27.     The publication of the comments has placed Plaintiffs in jeopardy with their customers, current employees, and potential employees regarding Plaintiffs' employment practices.

28.     The publication of these false, defaming, and misleading comments caused Mr. Graziano to suffer loss of personal reputation, embarrassment, personal humiliation, general emotional distress, and specifically, stress relating to possible negative ramifications on his business.

### COUNT I – DEFAMATION *PER SE*

29.     Plaintiffs re-alleges and incorporates by reference Paragraphs 1 through 28.

30.     Defendant intentionally published these libelous comments on the Facebook.com website, falsely attributing abhorrent employment practices and policies to Plaintiffs.

31.     The comments contain statements of opinions and beliefs not held by Mr. Graziano which have the effect of making it appear to the viewers of such comments that Mr. Graziano does not care about the well-being of his employees and are thus defamatory on their face.

32.     Defendant published the comments without privilege and without Plaintiffs' consent.

33.     The nature of the strong allegations, beliefs, and accusations regarding sensitive subjects such as employment practices should have heightened Defendant's due diligence in confirming the true nature of Plaintiffs' employment policies before writing and publishing the comments on a public forum such as the Internet.

34.      Defendant acted with actual malice when they published the comments either with actual knowledge that the comments were false or with reckless disregard as to the truth of Plaintiffs' employment practices; at a minimum, Defendant failed to exercise reasonable care under the heightened circumstances in verifying the truth prior to the comments being published.

35.     By ascribing the negative and false employment practices to Plaintiffs, Defendant defamed Plaintiffs *per se* and has proximately caused injury to Plaintiffs' professional reputation and credibility. Specifically, the article has caused Plaintiffs to suffer in the following manner:

a.  Loss of both Graziano Flowers' and Mr. Graziano's personal and professional reputation in the United States, and worldwide;

b.  Loss of business opportunities in the United States and worldwide;

c.  Limitations in future business prospects with Graziano Flowers;

d.  A false implication attached to Mr. Graziano that he treats his employees unfairly and invokes abhorrent employment practices;

e.  Being subjected to unwanted negative attention and negative reviews; and

f.  For Mr. Graziano emotional distress, embarrassment, and personal humiliation.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their favor and against Defendant, issue injunctive relief, including that Defendant issue a conspicuous retraction and correction of the record, monetary relief in the amount of $250,000.00, or in such

greater amount to be proven at trial, pre-judgment interest, and grant such other further relief that the Court deems appropriate.

## COUNT II – FALSE LIGHT INVASION OF PRIVACY

36.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35.

37.     Defendant intentionally published these libelous comments on the Facebook.com website, falsely attributing horrendous employment practices and policies to Plaintiffs.

38.     As soon as the comments were published under Defendant's account on the Facebook.com website, they immediately became accessible throughout the entire Internet through various avenues on the Facebook.com and on Graziano Flower's business profile page.

39.     The article contains statements of opinions and beliefs not held by Plaintiffs that have the effect of placing Plaintiffs in a false light, specifically, that Plaintiffs treat their employees poorly, and institute abhorrent employment practices; such false light is highly offensive to a reasonable person.

40.     Defendant published the comments without privilege and without Plaintiffs' consent.

41.     The nature of the strong allegations, beliefs, and accusations regarding sensitive subjects such as employment practices should have heightened Defendant's due diligence in confirming the true nature of Plaintiffs' employment policies before writing and publishing the comments on a public forum such as the Internet.

42.      Defendant acted with actual malice when they published the comments either with actual knowledge that the comments were false or with reckless disregard as to the truth of Plaintiffs' employment practices.

43.     At a minimum, Defendant failed to exercise reasonable care under the heightened circumstances in verifying the truth prior to the comments being published.

44.     The defamatory falsehoods within the comments ascribe to Mr. Graziano negative views that adversely affect his professional and personal reputation and credibility.

45.     As a proximate result of the publication of the false and defamatory comments, Plaintiffs have suffered substantial damages, including but not limited to, loss of professional and personal reputation, emotional distress, embarrassment, and personal humiliation.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their favor and against Defendant, issue injunctive relief, including that Defendant issue a conspicuous retraction and correction of the record, monetary relief in the amount of $250,000, or in such greater amount to be proven at trial, pre-judgment interest, and grant such other further relief that the Court deems appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in their favor and against Defendant and issue an Order:

1)  requiring a) Defendant to print a full retraction stating that Plaintiffs do not institute the employment practices complained of in the comments; b) Defendant to remove all traces of the defamatory comments; and c) Defendant to close any Facebook.com account under the fictitious name Jessica Walters;

2)  mandating Defendant to conduct an investigation into who, if anyone, made the false and misleading allegations about Plaintiffs to Defendant in the first place;

3)  awarding damages for detraction from Plaintiffs' good names and reputations, for mental anguish, distress and humiliation to Mr. Graziano in an amount not less than $250,000.00 dollars, or in such greater amount to be proven at trial, and pre-judgment interest and costs;

4)  assessing costs and fees incurred in the prosecution of this action; and

5)  granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all claims and issues herein so triable.

Respectfully Submitted,

Michael K. Terkanian, Esquire
PA Attorney ID #320539
Terkanian Law, LLC
2001 County Line Road
Warrington, PA 18976
267-281-8200
Attorney for Plaintiffs Graziano Flowers and
Domenic Graziano

Dated: 04/22/2022